**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Antonio Rafael OLEA, Defendant–**
**Appellant.**

No. 07–30187.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 4, 2007.*

Filed Dec. 6, 2007.

Johnathan S. Haub, AUSA, Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Kelly R. Beckley, Esq., Eugene, OR, for Defendant–Appellant.

Before: O'SCANNLAIN, GRABER, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Defendant Antonio Rafael Olea appeals from the district court's denial of his mo-

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

tion to suppress statements made in an interview with police officers on November 21, 2005, during which he did not receive a *Miranda* warning. We review for clear error the district court's factual findings, *United States v. Bynum,* 362 F.3d 574, 578 (9th Cir.2004), and do not find any. We review de novo whether Defendant was constitutionally entitled to a *Miranda* warning, *United States v. Crawford,* 372 F.3d 1048, 1053 (9th Cir.2004) (en banc), and affirm.

Viewing the totality of the circumstances from the perspective of a reasonable person in Defendant's position, *Crawford,* 372 F.3d at 1059, the questioning of Defendant on November 21, 2005, did not amount to a custodial interrogation, *see id.* at 1060 ("Being aware of the freedom to depart, and in fact departing after questioning at a law enforcement office, suggest that the questioning was noncustodial."); *United States v. Hayden,* 260 F.3d 1062, 1066–67 (9th Cir.2001) (holding that two interviews were not custodial where the defendant appeared for the interviews of her own volition, was told in one of the interviews that she was free to leave, and was capable of finding her way out of the building, and no evidence indicated "that the duration of the interviews was excessive or that undue pressure was exerted"). A singular statement by one of the detectives to the effect of "now I've got you," muttered under his breath after noting an inconsistency in one of Defendant's statements, did not render the interview custodial. The district court thus did not err in holding that a *Miranda* warning was not required. *See Crawford,* 372 F.3d at 1059 ("An officer's obligation to administer *Miranda* warnings attaches ... only where there has been such a restriction on a person's freedom as to render him in custody." (internal quotation marks omitted)).

AFFIRMED.